1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7   RICKIE H. DAVIS,                      )
                                         )
8            Plaintiff,                   )       CASE NO. C05-1951-JLR-MJB
                                         )
9       v.                                )       REPORT AND
                                         )       RECOMMENDATION
10   JO ANNE B. BARNHART,                 )
    Commissioner of Social Security,      )
11                                        )
             Defendant.                   )
12   _____ )

13       Plaintiff Rickie H. Davis ("Plaintiff") appeals to the District Court from a final decision of

14   the Commissioner of the Social Security Administration (the "Commissioner") denying his

15   application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

16   42 U.S.C. §§ 401-33 (2003).  For the reasons set forth below, it is recommended that the

17   Commissioner's decision be AFFIRMED.

18                              I.  PROCEDURAL HISTORY

19       Plaintiff filed his application for DIB in June 30, 2000, claiming he became disabled

20   beginning April 13, 1995 (Tr. 96-98) due to constant pain in his legs and back from lower lumbar

21   injuries and due to illiteracy (Tr. 171).  Plaintiff subsequently amended his disability onset date to

22   January 1, 1998. Tr. 34, 575.  Plaintiff's application was denied initially (Tr. 70) and on

23   reconsideration (Tr. 75), after which he requested a hearing with an Administrative Law Judge

24   ("ALJ") (Tr. 78).  Plaintiff testified and was represented by counsel at a November 4, 2002

25

26   REPORT AND RECOMMENDATION
    PAGE - 1

1    hearing before ALJ Krainess.  Tr. 30-60.  A vocational expert ("VE"), William Weiss, also

2    testified.  Tr. 52-60.  The ALJ issued his decision finding Plaintiff not disabled on January 17,

3    2003.  Tr. 17-29.  The Appeals Council declined to review ALJ Krainess' decision on May 2,

4    2003 (Tr. 8-10), and Plaintiff filed a complaint for judicial review with this court.  This Court

5    remanded the case for further administrative proceedings on November 3, 2003, instructing the

6    ALJ to specify whether Plaintiff meets the regulatory definition of illiteracy and to consult a

7    medical expert ("ME") regarding the nature and severity of Plaintiff's orthopedic impairments.

8    Tr. 533-34.  The Appeals Council remanded the case consistent with this Court's order on

9    December 19, 2003.  Tr. 537-38.

10          On April 25, 2005, ALJ Nichols presided at Plaintiff's second hearing.  Tr. 573-620.

11   Plaintiff was represented by counsel and testified on his own behalf.  Tr. 580-99.  Plaintiff's

12   second hearing also included testimony from his wife, Donnelle Davis (Tr. 600-07), ME Dr.

13   Jacqueline Farwell (Tr. 608-11), and VE Judith Parker (Tr. 612-16).  The ALJ found Plaintiff

14   not disabled and denied benefits on June 1, 2005.  Tr. 501-12.  The Appeals Council declined to

15   review the case, making the June 2005 decision the final decision of the Commissioner.  Tr. 497;

16   20 C.F.R. § 404.984(b)(2) (2006).  Plaintiff filed his appeal for review by this Court on

17   November 17, 2005.

18                                    II.  THE PARTIES' POSITIONS

19          Plaintiff requests that the Court reverse the ALJ Nichols' finding that Plaintiff is not

20   disabled and order payment of benefits.  He argues that ALJ Nichols should have concluded that

21   Plaintiff could only perform sedentary work, consistent with ALJ Krainess' previous finding, and

22   that ALJ Nichols should have found Plaintiff disabled based on his illiteracy at step five.

23          The Commissioner argues that ALJ Nichols applied correct legal standards and cited

24   substantial evidence, and his finding that Plaintiff is not disabled should therefore be affirmed.

25

26   REPORT AND RECOMMENDATION
     PAGE - 2

1

### III.  STANDARD OF REVIEW

2      This Court may set aside the Commissioner's denial of DIB when an ALJ's findings are

3  based on legal error or are not supported by substantial evidence in the record as a whole.  *Penny*

4  *v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence is defined as more than a mere

5  scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might

6  accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

7  1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical

8  testimony, and for resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

9  1995).  Rather than affirming the Commissioner's decision by isolating a specific quantum of

10  supporting evidence, the Court must consider the record as a whole and weigh evidence that

11  supports and evidence that detracts from the Secretary's conclusion.  *Tackett v. Apfel*, 180 F.3d

12  1094, 1098 (9th Cir. 1999).  Where the evidence is susceptible to more than one rational

13  interpretation, it is the Commissioner's conclusion which must be upheld.  *Sample v. Schweiker*,

14  694 F.2d 639, 642 (9th Cir. 1982).

15

### IV.  EVALUATING DISABILITY

16      Claimants bear the burden of proving that they are disabled.  *Meanel v. Apfel*, 172 F.3d

17  1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to engage in any substantial

18  gainful activity by reason of any medically determinable physical or mental impairment, which

19  can be expected to result in death, or which has lasted or can be expected to last for a continuous

20  period of not less than twelve months.  42 U.S.C. § 423 (d)(1)(A).

21      The Social Security regulations set out a five-step sequential evaluation process for

22  determining whether claimants are disabled within the meaning of the Social Security Act.  *See*

23  20 C.F.R. § 416.920.  At step one, a claimant must establish that he or she is not engaging in any

24  substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  At step two, a claimant must

25

26  REPORT AND RECOMMENDATION
PAGE - 3

1    establish that he or she has one or more medically severe impairments or combination of

2    impairments.  If a claimant does not have a "severe" impairment, he or she is not disabled.  *Id.* at

3    § (c).  At step three, the Commissioner will determine whether the claimant's impairment meets

4    or equals any of the listed impairments described in the regulations.  A claimant who meets one

5    of the listings is disabled, *see Id.* at § (d).  If a claimant's impairments do not meet or equal a

6    listing, the Commissioner proceeds to step four.

7            At step four, the Commissioner evaluates the claimant's residual functional capacity and

8    the physical and mental demands of the claimant's past relevant work to determine whether the

9    claimant is able to perform his or her past relevant work.  *Id.* at § (e).  If a claimant is not able to

10   perform his or her past relevant work, the burden shifts to the Commissioner at step five to show

11   that the claimant can perform some other work that exists in significant numbers in the national

12   economy, taking into consideration the claimant's residual functional capacity, age, education,

13   and work experience.  *Id.* at § (f); *Tackett,* 180 F.3d at 1100.  If the Commissioner finds that the

14   claimant is unable to perform other work, then the claimant is disabled.

15                           V.  SUMMARY OF THE RECORD EVIDENCE

16           Because the parties have adequately summarized the record in their briefing, and because

17   much of the record evidence is not relevant given the scope of the issues, the Court will not

18   summarize the record here.  Relevant evidence will be referenced in the discussion as necessary.

19           Born in 1956 (Tr. 96), Plaintiff was 41 years old at the onset of his alleged disability on

20   January 1, 1998 (Tr. 575); 44 years old when he filed his DIB application on June 30, 2000 (Tr.

21   96); and 46 years old when his disability insurance status expired on December 31, 2002 (Tr.

22   576).  Plaintiff is a high school graduate with past relevant work as a fishnet stringer, shellfish

23   grower, wharf laborer, valet and parking lot attendant, rope laying machine operator, and

24   construction worker.  Tr. 505-06, 612.

25

26   REPORT AND RECOMMENDATION
     PAGE - 4

## VI.  THE ALJ'S DECISION

At step one, ALJ Nichols found the Plaintiff was not engaged in substantial gainful activity.  Tr. 511, Finding No. 1.  At step two, the ALJ found that Plaintiff's back problems after his surgeries, his illiteracy, and his mild depression were severe impairments.  Tr. 511, Finding No. 3.  At step three, the ALJ found that Plaintiff's impairments did not meet or equal a listed impairment.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1; Tr. 511, Finding No. 4.  The ALJ determined that Plaintiff retains a residual functional capacity ("RFC") which allows him to frequently lift or carry 10-15 pounds, stand or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday.  Tr. 511, Finding No. 6.  The ALJ also found that Plaintiff has a limited range of motion; that he should periodically alternate between sitting and standing; and that he should avoid bending, walking over rough or uneven terrain, and climbing ramps, stairs, ladders, ropes, and scaffolds.  *Id.*  Finally, the ALJ found that Plaintiff has a third grade reading ability and a fifth grade mathematic ability.  *Id.*  At step four, the ALJ determined that Plaintiff could perform his past relevant work as a valet and parking attendant, and that he is therefore not disabled.  Tr. 511, Finding No. 8.

## VII.  DISCUSSION

Plaintiff's central argument is that, based on his illiteracy, he should have been found disabled by application of the Medical-Vocational Guidelines (the "grids") at step five.  Here, however, the ALJ found that Plaintiff is not disabled at step four.  Therefore, this Court's review initially focuses on whether ALJ Nichols' step four finding is free of legal error and supported by substantial evidence.  Because the Court concludes that the ALJ's step four analysis was not in error, the Court does not address Plaintiff's step five arguments.

A.  Issues on Remand

Plaintiff claims that the ALJ improperly dismissed his claim at step four by finding that he

is capable of performing light work and that he can perform his past relevant work as a valet and

parking attendant. He argues that ALJ Nichols should have found him only capable of

performing sedentary work, thereby maintaining consistency with ALJ Krainess' finding at

Plaintiff's previous hearing and with assessments from evaluating doctors.[1] Plaintiff argues that

because ALJ Nichols adopted the prior analysis and credibility findings reached by ALJ Krainess,

he should have moved on to step five and found Plaintiff disabled by applying the grids. Plaintiff

asserts that ALJ Nichols chose to substitute a higher level of exertional capacity at step four in

order to avoid application of the grids.

The Commissioner responds that ALJ Nichols was not required to adopt ALJ Krainess'

conclusion that Plaintiff is limited to sedentary work because ALJ Krainess' decision was vacated

when the Appeals Council remanded the case consistent with the Order of this Court. Tr. 537.

The Commissioner argues that, pursuant to this Court's Order, ALJ Nichols determined whether

Plaintiff meets the regulatory definition of illiteracy and consulted an ME regarding the nature

and severity of his orthopedic impairments. Tr. 533.

The record supports the Commissioner's arguments. The Appeals Council vacated the

previous decision by ALJ Krainess on remand; therefore, the final decision for review by this

Court is the decision of ALJ Nichols. Tr. 537. Although ALJ Nichols reached a different

conclusion than ALJ Krainess as to Plaintiff's RFC and his ability to perform his past relevant

work, ALJ Nichols reached his conclusion in the course of fulfilling his obligations on remand, as

directed by this Court.

In his opinion, ALJ Nichols expressly adopted ALJ Krainess' analysis and findings

---

[1] Plaintiff also argues that ALJ Nichols' opinion was inconsistent with the Washington State Department of Labor and Industries' ("L & I") finding that Plaintiff is totally disabled. However, L & I found Plaintiff disabled based on its assessment of his illiteracy (Tr. 471-82), which ALJ Nichols accepted as correct and adopted as Plaintiff's non-exertional limitation (Tr. 509, 511, Finding No. 6).

REPORT AND RECOMMENDATION
PAGE - 6

1  regarding all issues except for those he was charged with considering on remand: 1) Plaintiff's

2  alleged illiteracy and 2) the nature and severity of his orthopedic impairments.  Tr. 504.  Both

3  issues impact an evaluation of Plaintiff's RFC at step four, and if the ALJ had reached step five,

4  Plaintiff's illiteracy would also pertain to a step five application of the grids.  Both issues were

5  therefore critical to making a final determination of disability in Plaintiff's case.  There was

6  nothing in the Court's Order of Remand that precluded ALJ Nichols from independently

7  evaluating Plaintiff's RFC after consulting an ME at the hearing or from evaluating the medical

8  record and newly submitted medical evidence based on what he learned from the ME.  Tr. 533-

9  34.  The Remand Order states that, in addition to making a literacy determination and consulting

10  an ME, the ALJ will perform any further development deemed necessary and may raise and

11  pursue additional issues.  Tr. 533.  In addition, the Appeals Council remanded the case consistent

12  with this Court's Order, giving ALJ Nichols the authority to take any additional actions not

13  inconsistent with that Order.  Tr. 537-38; 20 C.F.R. § 404.977(b) (2006).[2]  The Court therefore

14  concludes that ALJ Nichols' finding that Plaintiff could perform light work is not in error for

15  being different from that of ALJ Krainess.

16  B.      ALJ Nichols' Analysis of Remanded Issues

17          1.      Plaintiff's Illiteracy

18  Plaintiff argues that his illiteracy was not properly taken into account, but the record

19  reflects that, as directed by this Court on remand, ALJ Nichols made a determination as to

20

21          [2] Other Circuits have understood 20 C.F.R. § 404.977(b) to mean that ALJs are not
22  constrained to make the same findings on remand as long as their findings are not inconsistent
   with the Appeal's Council's remand order.  *See Houston v. Sullivan*, 895 F.2d 1012, 1015 (5th
23  Cir. 1989) (acknowledging that when a case is remanded for an ALJ to gather additional
   information, the ALJ is free to reevaluate the facts); *see also Campbell v. Bowen*, 833 F.2d 1518,
24  1521-22 (10th Cir. 1989) (recognizing an ALJ's authority to make any determination not
   inconsistent with the terms of the Appeals Council's remand).
25

26  REPORT AND RECOMMENDATION
    PAGE - 7

1    Plaintiff's illiteracy.

2        Under disability evaluation regulations, "illiteracy means the inability to read or write," as

3    evidenced by an inability to "read or write a simple message such as instructions or inventory lists

4    even though the person can sign his or her name."   20 C.F.R. 404 § 1564(b)(1).

5        In his opinion, ALJ Nichols adopted Plaintiff's illiteracy as his non-exertional limitation.

6    Tr. 510.   The ALJ stated that he had no reason to doubt a 1998 vocational evaluation of

7    Plaintiff's reading and math skills completed by TRIAD Rehabilitation Solutions, which

8    concluded that Plaintiff's reading ability is at a third grade level and that his mathematics ability is

9    at a fifth grade level.   Tr. 510, 474.   Additionally, during Plaintiff's hearing, he and his wife

10   testified that Plaintiff was unable to take down a simple message, read a shopping list, or write

11   checks from a checkbook.   Tr. 584-87, 600-02.   Plaintiff testified that he was able to graduate

12   from high school due to his involvement in sports and his enrollment in special education classes.

13   Tr. 580-81.   Accordingly, the ALJ found that Plaintiff possesses third grade reading skills and

14   fifth grade mathematics skills. Tr. 511, Finding No. 6.   The ALJ has therefore fulfilled his duty

15   on remand to make a determination regarding Plaintiff's illiteracy.

16        2.        Plaintiff's Orthopedic Impairments

17        As directed by this Court on remand, ALJ Nichols consulted an ME, Dr. Farwell,

18   regarding Plaintiff's orthopedic impairments.   Dr. Farwell testified that objective medical

19   evidence did not support the degree of symptoms reported by Plaintiff.   Tr. 608.   Dr. Farwell

20   also refuted a 2004 assessment of Plaintiff by Dr. Mark Heilbrunn, in which Dr. Heilbrunn opined

21   that Plaintiff could carry three pounds, sit for a total of four hours with periods of postural

22   repositioning, and stand or walk for 15-20 minutes.   Tr. 609-10, 571.

23        Plaintiff does not claim that ALJ Nichols improperly evaluated the medical evidence in

24   this case.   Instead, in order to demonstrate the *inconsistency* of ALJ Nichols' opinion, he asserts

25

26   REPORT AND RECOMMENDATION
     PAGE - 8

1   that Dr. Heilbrunn's opinion was consistent with ALJ Krainess' opinion.  Plaintiff also calls Dr.

2   Farwell's opinion a "maverick opinion" and claims it is entitled to little persuasive weight

3   because it is inconsistent with numerous prior medical opinions.  However, it is the ALJ's

4   responsibility to assign weight and credibility to witness's testimony.  *Andrews*, 53 F.3d at 1039.

5   In addition, this Court has already concluded, *supra* at subsection A, that ALJ Nichols' findings

6   need not be consistent with ALJ Krainess' findings given ALJ Nichols' obligations on remand.

7        Although Plaintiff does not claim ALJ Nichols improperly evaluated medical evidence,

8   the Commissioner nonetheless argues that ALJ Nichols relied on substantial evidence in the

9   record to reach his conclusion that Plaintiff could perform light work.  The Court notes that the

10  record supports the Commissioner's argument.

11       An ALJ may reject treating and examining physicians' opinions if he or she presents clear

12  and convincing reasons for doing so.  *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *see*

13  *also, e.g., Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).  These reasons must be based

14  on substantial evidence in the record.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

15  Here, the ALJ concluded that the record contains no valid physicians' opinions indicating that

16  Plaintiff is disabled or limited beyond what ALJ Nichols concluded.  Tr. 508.  In reaching his

17  conclusion, ALJ Nichols provided clear and convincing reasons based on substantial evidence in

18  the record.

19       First, ALJ Nichols gave no weight to a physical capacity evaluation performed in 1996

20  that assigned Plaintiff a sedentary RFC because it presented no objective findings and because

21  Plaintiff was working at a *medium* RFC job at the time.  Tr. 509.  The record supports the

22  conclusion that the evaluation was based on Plaintiff's subjective report of symptoms rather than

23  objective findings (Tr. 277-79), and that Plaintiff was working at an Oyster Hatchery when the

24  evaluation took place (Tr. 194, 200).  An evaluation in 2000 also assigned Plaintiff with a

25

26  REPORT AND RECOMMENDATION
    PAGE - 9

1  sedentary RFC, which the ALJ rejected because Plaintiff declined to try many of the movements

2  (Tr. 432), gave very little effort, and the resulting demonstration of poor body mechanics directly

3  contradicted a previous demonstration of excellent body mechanics (Tr. 366).  Tr. 509.  The ALJ

4  interpreted the evaluation results as indicative that Plaintiff was "simply not trying" and based

5  this interpretation on his finding that Plaintiff was not entirely credible.  Tr. 508, 509, 511,

6  Finding No. 5.  Plaintiff does not challenge ALJ Nichols' credibility finding.

7         Second, ALJ Nichols attached little weight to opinions from Dr. Kazymyra, Dr.

8  Heilbrunn, and Dr. Allan.  Tr. 509.  Dr. Kazymyra opined that Plaintiff was severely limited and

9  unable to lift two pounds or to stand and walk (Tr. 349), but this severe opinion is not supported

10  by objective treatment notes or other medical evidence in the record.  The ALJ attributed little

11  weight to Dr. Heilbrunn's physical evaluation (Tr. 563-572), finding it conclusory, inconsistent,

12  and not useful for determining disability because it focused on Plaintiff's status at the time of the

13  evaluation (August 2004) rather than the time through which Plaintiff was insured (December

14  2002).  Tr. 509.  The ALJ's conclusion is supported by the ME's testimony, which criticized Dr.

15  Heilbrunn's evaluation for its use of unconventional or inaccurate measurements to assess

16  Plaintiff's abilities and for being inconsistent with other medical evidence.  Tr. 609-10.  The ALJ

17  also rejected Dr. Allan's physical capacities evaluation, which indicated that Plaintiff could not

18  work more than six hours per day (Tr. 495) because it was not based on any physical tests; it was

19  without foundation and not accompanied by an explanation; and it was inconsistent.  Tr. 509.

20  The record supports the ALJ's conclusion that the limitations indicated in Dr. Allen's physical

21  capacities evaluation was inconsistent and without basis or explanation.  Two weeks prior to his

22  physical capacities evaluation, Dr. Allen indicated in his treatment notes that Plaintiff was "doing

23  pretty well most of the time" except for flare ups "every once in a while" (Tr. 492).

24         Finally, the ALJ gave considerable weight to the opinion of Dr. Damon, who opined that,

25

26  REPORT AND RECOMMENDATION
   PAGE - 10

despite Plaintiff's embellishments and symptom magnification, he could perform light work with position changes as needed.  Tr. 508, 445-46.   The ALJ also relied on testimony from the ME and the VE.  Tr. 509-10.  The ME testified that, based on her review of Plaintiff's medical records,  Plaintiff is capable of lifting 50 pounds occasionally and 20 pounds frequently, and that his back is stable.  Tr. 610.  The VE testified that Plaintiff could return to his past relevant work as a valet and parking attendant as previously performed and as generally performed in the national economy.  Tr. 614.

In summary, the ALJ articulated clear and convincing reasons based on substantial evidence in the record for rejecting opinions and assessments from several physicians and for relying on other physicians' and experts' opinions.  Accordingly, I conclude that the ALJ did not err in finding at step four of the sequential evaluation process that Plaintiff could perform light work and could work as a valet and parking attendant.

### VIII.  CONCLUSION

The Commissioner's determination to deny Plaintiff benefits is free of legal error and is supported by substantial evidence.  Based on the record evidence, the undersigned recommends that the Commissioner's decision be AFFIRMED.  A proposed Order accompanies this Report and Recommendation.

DATED this 7th day of August, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 11